# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

        Petitioner,

        v.                                    Case No.  14-C-0872

STATE OF WISCONSIN,

        Respondent.

## ORDER SCREENING PETITION, PERMITTING AMENDMENT OF PETITION, DISMISSING CASE, AND DENYING AS MOOT ALL PENDING MOTIONS

Ennis Lee Brown lodged a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution.  In October 2013, Brown was convicted in Milwaukee County Circuit Court of sexual assault, incest, sexual assault of a child, child enticement, kidnaping, child abuse, and exposing genitals to a child.  He was sentenced to 150 years of imprisonment plus 50 years of extended supervision and is incarcerated at the Waupun Correctional Institution (WCI).

With his habeas petition Brown filed an application for leave to proceed in forma pauperis.  However, he paid the $5 filing fee for this case subsequently.  Therefore, Brown's request to proceed without prepayment of costs is moot.

Now, the court must consider Brown's habeas petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. The court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

As an initial matter, the court must determine which pleading to review. Brown submitted his initial petition (Doc. 1), but about one week later submitted an additional page (Doc. 6) that he says had been left out when the petition was e-filed. The following week Brown filed a "Supplemental Brief in Support of Habeas Corpus (Part of Complaint)." (Doc. 9.) The document is a collection of material from the state-court record that could or should have been attached to the original petition. Then, attached to a request for release (Doc. 16), Brown submitted several more documents, which perhaps he wished to be considered as part of his petition. Further, when Brown filed the original petition, he named the State of Wisconsin as respondent. Later, he recognized that the correct respondent is the warden of WCI. Therefore, he moved to amend the name of respondent to William Pollard. (Doc. 21.) Thus, Brown's pleadings have been offered piecemeal—the court could consider the e-filed petition (Doc. 1) plus the additional page (Doc. 6) together as Brown's petition, with consideration of the exhibits (Docs. 9, 16) as if they had been attached to the petition, and the amendment of respondent's name.

However, Brown subsequently filed an amended habeas petition. (Docs. 23, 25.[1]) Rule 12 of the Rules Governing § 2254 Cases states that the Federal Rules of Civil Procedure can be applied in a habeas case if they do not conflict with statutory provisions or habeas-specific rules. Federal Rule of Civil Procedure 15(a) states that a party may

---

[1]In other correspondence, Brown indicates that the exhibits in Document 25 were intended to accompany his amended petition (Doc. 23), even though prison authorities transmitted the documents to the court on different days.

amend his pleading once as a matter of course or thereafter with the court's leave or written consent of the opponent. Brown can be considered to have used his once-as-a-matter-of-course amendment through the above-described piecemeal submissions, and he did not formally move to amend. Nevertheless, the amendment of the full petition cleans up the record and slightly focuses Brown's claims. Moreover, pro se submissions should be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972). And although amendment of a habeas petition to add new claims could conflict with the habeas one-year statute of limitations, it appears that Brown's amendment occurred within the limitations period. Therefore, the court will permit the amendment.[2]

Although the form habeas petition that Brown used provides sections for separate grounds for relief, Brown has combined several possible claims into each section. As stated above, Brown represents himself so his pleading must be considered liberally. As a consequence, it appears that each set of claims in the grounds for relief relates to a different aspect of Brown's criminal proceedings. A reading of the facts attached to the petition adds background to make the grounds for relief somewhat clearer.

In ground one, Brown attacks pretrial matters—he asserts that he was arrested illegally and that his *Miranda*[3] rights were violated. In ground two Brown attacks the conduct of the prosecution—he asserts, among other things, prosecutorial misconduct, multiplicity, vindictive prosecution, and due process violations. Ground three is aimed at the trial court's actions; Brown asserts violations of his rights to a speedy trial, due process,

---

[2]Because the amended petition (Doc. 23) corrects the name of the respondent, Brown's motion to amend respondent's name (Doc. 21) is moot.

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966).

to choose and fire counsel, and to represent himself.  This ground for relief and the facts section of Brown's filing charges that his first attorney, Michael J. Hicks, was suspended from practice yet represented Brown during the suspension, thereby suggesting a claim of ineffective assistance of counsel.  Ground four is aimed at the prosecution and court, charging denial of discovery, denial of a public hearing and trial, denial of the right to represent himself, denial of the right to attend the trial, and denial of the right to confront his accusers. Thus, Brown's allegations include constitutional grounds for relief.  *See, e.g.*, U.S. Const. amend. vi;  *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Lee*, 760 F.3d 692, 693-94 (7th Cir. 2014).

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights.  28 U.S.C. § 2254(b)(1).  To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

In his amended petition, Brown says he did not appeal his conviction or file any motions for postconviction relief.  However, attachments to the petition and several of his recent motions or correspondence indicate ongoing activity in the circuit court and Wisconsin Court of Appeals.  A notice of right to seek postconviction relief was filed by stand-by counsel on Brown's behalf on October 31, 2013, though Brown states that it was unauthorized and the form document indicates he refused to sign it.  (*See* Doc. 25 Exs.

4

012, 026.) The Wisconsin Court of Appeals issued orders extending the time for court reporters to file transcripts from Brown's case in the spring of 2014. (Doc. 25 Ex. 031.) Further, Attorney Mark Rosen was appointed to represent Brown in postconviction proceedings and Rosen's motion to withdraw was denied on May 8, 2014. (Doc. 16 Exs. Q, R; *see* Doc. 24 Ex. 022.)

Although from the amended petition it is not crystal clear that the state-court proceedings continued through the time Brown filed this case, other documents in the record here confirm that Brown's postconviction proceedings are ongoing even today. In a letter filed on January 20, 2015, Brown says he and Rosen discussed on January 11, 2015, the possibility of a motion for new trial. (Doc. 28.) A letter filed on January 21, 2015, include Brown's report of "continued violations" of his rights because of Rosen's representation regarding postconviction relief. (Doc. 27.) In his "Affidavit" filed on January 29, 2015, Brown discusses a conversation with Rosen on January 12, 2015, concerning the filing of a postconviction motion; Brown says the motion was filed without his consent on January 15, 2015. (Doc. 31.) And this court's check of the Wisconsin Circuit Court Access online records indicates that on December 12, 2014, the Wisconsin Court of Appeals extended Brown's deadline for filing a notice of appeal or postconviction motion to February 12, 2015; that on January 15, 2015 Brown (or his counsel) filed a motion for new trial in the trial court; and that the briefing schedule for the motion for a new trial extends to March 9, 2015.

Brown acknowledges these ongoing state-court proceedings. (Doc. 32; *id.* Exs. 035, 037, 038, 040.) He says that they show attempts by Rosen to sabotage this federal habeas petition (Doc. 32), and he has argued in many filings in this court that he does not

want Rosen to represent him and that he did not want to file any postconviction motions in state court. Regardless, the state-court postconviction proceedings exist, whether or not Brown believes they should have been pursued and whether or not he wants to work with Rosen. The state-court postconviction proceedings were underway before Brown filed the pending § 2254 petition here, and they continue today. This court cannot ignore them; a habeas petition *"shall not be granted"* if state-court remedies are unexhausted, 28 U.S.C. § 2254(b)(1). Brown seems to recognize this in a recent filing. He states:

> I ask the court, if you deny me the right to seek my constitutional rights in your court and send me back to the lower court . . . please release me, so I can work and obtain help to uphold my rights, [a]lso keep my case open in the federal courts along with the numerous violations of rights. I . . . beg that my habeas corpus stay in federal court. If the court send me and my case back to Milwaukee County Court, I ask the court to order a Federal observer to insure my rights are protected, [a]lso keep my case in Federal court open.

(Doc. 32 at 1-2.)

The claims underlying his habeas case are unexhausted, thereby requiring that the petition be dismissed. Although Brown asks that this court keep this federal case alive while he proceeds in state court, the preferred practice is to dismiss this case without prejudice to the filing of a new habeas petition following the conclusion of Brown's state-court proceedings. Additionally, no basis exists for ordering Brown's release in the meantime.

The court notes that Brown followed his original petition with several motions. He asked that this court remove him from Waupun Correctional Institution and place him in federal custody to ensure his safety, saying he feared for his life and that Waupun does not have the technology to monitor his well being. (*See* Doc. 7.) Brown moved for open-ended permission to add more claims to his habeas petition after he received his state-

court file. Also, he asked that this court order the Milwaukee County Circuit Court Clerk to provide him with a free copy of all state-court records. (Doc. 8.) A related motion seeks discovery of all records in Brown's criminal case that are in the hands of the district attorney's office or state public defenders, all exculpatory evidence that the state courts or state public defenders have in their possession, and all documents used as evidence in his case. (Doc. 12.) Moreover, Brown moved for the appointment of counsel. (Doc. 13.) And he requested "federal protection" (Doc. 10) and sought "federal intervention" (Doc. 11), complaining that he fears for his life because he was placed in segregation after writing to the FBI and other agencies about his situation at WCI; he was not given a hearing within twenty-one days of being placed in segregation; and he was returned to segregation for the same charges after release to the general population even though the charges had been dismissed. Also, letters to Brown's family were not received; he cannot make phone calls; his prepaid envelopes were stolen while he was in segregation; he is served only bag lunches; he is being harassed; there are no cameras at WCI to videotape what goes on there; and no witnesses are allowed to speak on his behalf. Lastly, Brown has filed two requests for outright, immediate release, arguing that his constitutional rights had been violated. (Docs. 16, 17.) In other words, he seeks a preliminary injunction for release prior to a final decision in this case. Regardless, all of these motions are moot because this case cannot proceed due to Brown's failure to exhaust. Therefore,

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

IT IS ORDERED that Brown is granted permission to amend his petition, and the amended petition (Docs. 23, 25) replaces the original petition (Doc. 1).

7

IT IS ORDERED that Brown's motion to amend the name of the respondent to William Pollard (Doc. 21) is denied as moot.

IT IS ORDERED that this petition is dismissed summarily, without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases for failure to exhaust state-court remedies.

IT IS FURTHER ORDERED that Brown's motion to be placed in federal custody (Doc. 7), motion to add more charges to the habeas petition or for an order requiring the Milwaukee County Circuit Court to provide him with a copy of the records from his case (Doc. 8), motions for federal protection or intervention (Docs. 10, 11), motion for discovery (Doc. 12), motion for appointment of counsel (Doc. 13), and motions for release (Docs. 16, 17) are denied as moot.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE